COMMONWEALTH *vs.* JEREMIAH DESMOND.

**Essex.**  Nov. 8, 1876. — Jan. 15, 1877.  COLT, DEVENS & LORD, JJ.,
                        absent.

An indictment for illegal voting alleged that "a meeting of the qualified voters of
    the various wards" of a city was holden on a certain day for the annual election
    of municipal officers, and that the defendant, "at Ward One" in said city, on that
    day, "at the election aforesaid," committed the offence charged. *Held*, that the
    indictment sufficiently described the meeting.

───────

 INDICTMENT under the Gen. Sts. *c.* 7, § 29, alleging "that the city of Salem is a municipal corporation duly established by the laws of said Commonwealth, in said county of Essex, and that on the fourteenth day of December, in the year of our Lord one thousand eight hundred and seventy-five, a meeting of the qualified voters of the various wards of said city of Salem, for the election of mayor, aldermen and members of the common council, and other municipal officers, having been duly warned and called according to law, was then and there holden, the same then and there being the regular annual municipal election," and that the defendant, "at Ward One in said Salem, on said fourteenth day of said December, at the election aforesaid, did wilfully, fraudulently, knowingly and designedly give in more than one ballot and list of persons then and there to be elected and chosen into said offices, at one time of ballotting at the choice and election aforesaid."

At the trial in the Superior Court, before *Gardner*, J., it appeared that, by the charter of the city of Salem, all elections were to be held in each of the six wards of the city, and that there was no general election of the voters of the city at any one place. Evidence was offered by the government tending to show that at an election held in Ward One in the city of Salem, at the time alleged in the indictment, the defendant wilfully, fraudulently, knowingly and designedly deposited seven ballots in the ballot box. The defendant objected to this evidence, upon the grounds that the indictment did not set forth any offence, that there was no allegation in the indictment that there was any election held in any of the existing wards in the city of Salem, and that there was no allegation that Ward One in Salem was one of the various wards of the city of Salem set forth in the indictment.

The judge admitted the evidence, and ruled that the indictment sufficiently set forth the offence of illegal voting in Ward One in the city of Salem. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. D. Northend*, for the defendant.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth.

AMES, J.   The evidence objected to was rightfully admitted. The indictment avers that a meeting of the qualified voters of the various wards of the city of Salem, for the election of municipal officers, was holden on a certain day, "the same being then and there the regular annual municipal election."   But as the charter of the city of Salem, and the various statutes in amendment thereto, are public acts, the court will judicially take notice that the municipal officers of the city of Salem are elected by the citizens, meeting and voting in wards.   As a matter of literal exactness, it would have been more correct to have alleged that "meetings" of the voters of the various wards were held on that day, instead of describing it as "a meeting" in the singular number.   It appears to us a sufficient allegation that the voters met in their respective wards, and that a meeting was held on that day in each of the wards.   The expression "at Ward One in said Salem, at the election aforesaid," is a sufficient averment that Ward One was one of the "various wards" that had already been mentioned.                    *Exceptions overruled.*